AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>DEWAYNE JONES<br><br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3:21-MJ-313

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of    March 16-18, 2021    in the county of    Montgomery    in the

Southern    District of    Ohio    , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846, 841(a)(1), and 841(b)(1)(C) | Knowingly and intentionally conspiring to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance |
| 18 U.S.C. 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearmrm |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Matt Overholt, Task Force Officer, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ *(specify reliable electronic means)*

Date:    08/19/2021

City and state:    Dayton, Ohio

Peter B. Silvain, Jr.
United States Magistrate Judge

## AFFIDAVIT

I, Matt Overholt, a Task Force Officer for the Federal Bureau of Investigations and Detective for the Montgomery County Sheriff's Office (hereinafter referred to as the "Affiant") being duly sworn deposes and states as follows:

## I.

## INTRODUCTION

1.      Your Affiant is a Task Force Officer with the Federal Bureau of Investigations ("FBI") within the meaning of Title 21, United States Code ("U.S.C."), Section 878. That is an officer of the United States who is empowered by law to conduct criminal investigations of and to make arrests for offenses as detained in 21 U.S.C. § 878. Your Affiant is a law enforcement officer and has been employed by the Montgomery County Sheriff's Office since 2012, and is currently assigned part time to the FBI Southern Ohio Safe Streets Task Force, Dayton Ohio. Previously, the Affiant was an Assistant Prosecuting Attorney with the Montgomery County Prosecutor's Office from 2002 until 2012. During that time, the Affiant prosecuted numerous cases involving the possession, manufacture, and sale of illegal narcotics.

2.      By virtue of Affiant's assignment with the FBI and Montgomery County Sheriff's Office, he performs and has performed various tasks which include, but are not limited to:

(a) Functioning as a surveillance agent for the primary purpose of observing and movements of drug traffickers and those suspected of trafficking in drugs;

(b) Functioning as a case agent which entails the supervision of specific aspects of drug investigations;

(c) The tracing and tracking of monies and assets gained by drug traffickers from the illegal sale of drugs.

(d) The use and possession of firearms by drug traffickers.

Based on his training and experience, your Affiant is also familiar with federal firearms laws. Your Affiant is aware that possession of a firearm by a convicted felon is a violation of Title 18, United States Code, Section 922(g)(1).

## II.

## PURPOSE OF AFFIDAVIT

3.      This Affidavit is made in support of a criminal complaint, and seeks the issuance of an arrest warrant against **DEWAYNE JONES** (hereinafter "**JONES**") for:

(1) knowingly and intentionally conspiring to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance in

1

violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(C); and

(2) knowing one had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm that had affected interstate commerce in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

I make this affidavit based upon my participation in this investigation, including witness interviews and reports by other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

### III.

### SUMMARY OF PROBABLE CAUSE

4.     In late February 2021, the Ohio Adult Parole Authority (APA) began to investigate whether parolee DEWAYNE JONES was violating his parole conditions. Over the next several weeks, an APA Officer observed JONES leave the residence at 211 Maryland, Dayton, Ohio several times in the morning. The residence at 211 Maryland was not the address JONES provided to the APA. As part of JONES' parole conditions, JONES is required to reside at the residence he provides to APA. Furthermore, as part of JONES' parole conditions, APA has the authority to conduct warrantless searches of the offender's person, motor vehicle, place of residence, personal property or property that the offender has been given permission to use.

5.     On March 16, 2021, at approximately 10:00 a.m., JONES exited the front door of 211 Maryland Avenue. He possessed keys to the residence. APA members conducted a parole search at 211 Maryland Avenue. In the upstairs master bedroom, APA members located a loaded Glock model 26 handgun under the mattress. The handgun was on the side closest to a nightstand with prescription bottles in JONES' name. APA members also located individual bags of marijuana and two digital scales in the kitchen area. One of the digital scales was located in a kitchen drawer with two handgun magazines, one of which was loaded.

6.     An APA Officer spoke with Kristy Powell, JONES'S self-identified girlfriend and a resident of 211 Maryland. Powell stated that JONES does not reside at the residence but spends several nights per week there. Powell claimed ownership of the Glock handgun and marijuana. JONES was arrested for violating his parole and booked into the Montgomery County Jail.

7.     Investigators reviewed recorded calls made by JONES while incarcerated at the Montgomery County Jail. On March 16, 2021, at approximately 8:15 p.m., JONES called a female believed to be Kristy Powell. An investigator recognized Powell's voice from talking to her during the parole search at 211 Maryland Avenue. During the recorded call, Powell spoke with JONES about APA conducting a search at the residence. Powell described the areas within the residence that APA searched. Powell described evidence that was seized, specifically the Glock handgun

and marijuana.  Powell specifically said APA did not remove the dog cage and look in the vent. Powell made this statement to JONES spontaneously and it was not in response to JONES asking her if APA searched that location.  JONES said "alright that's cool" in a manner to abruptly stop Powell from further talking about APA not searching in the vent behind the dog cage.

8.      Based upon the above information, on Thursday, March 18, 2021, Judge Spells of the Dayton Municipal Court issued a search warrant for the residence at 211 Maryland Avenue based upon the above information.  Law enforcement executed the search warrant that day.  During the search of the residence, law enforcement located approximately 1.5 kilograms of suspected cocaine. The cocaine was packaged in either large plastic freezer-style bags or smaller plastic baggies. The bags of cocaine were in a large blue purse that had been hidden behind the kitchen stove.  Law enforcement also recovered approximately $7,000 U.S. currency and jewelry hidden under floorboards in the master bedroom.

9.      While Detectives were searching the residence, Kristy Powell arrived at 211 Maryland Avenue . Powell again identified 211 Maryland Avenue as her residence.

10.     The Miami Valley Crime Laboratory determined the cocaine in baggies in the blue purse had a net weight exceeding 1.4 kilograms.  The laboratory also determined that JONES'S DNA was present on separate baggies of cocaine inside the large blue purse.

11.     Based on a review of JONES'S criminal history, I know that JONES has a felony conviction (each punishable by greater than one year imprisonment), including:

    a.  on or about September 13, 2011 in Montgomery County, Ohio Common Pleas Court case number 2008 CR 01210/2, for Possession of cocaine (100 grams) (F1) with a major drug offender specification; Possession of Marihuana (1,000g but < 5,000 g) (F3); Illegal Manufacture of Drugs (Sch. I or II)(F2); and Possession of cocaine (25 grams but <100 grams-other than crack)(F3)

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

3

12.    I am aware that TFO Zollers subsequently spoke with Special Agent Chris Reed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who has training and experience in determining a firearm's place of manufacture.  Agent Reed advised that the Glock Model 26 handgun was manufactured outside the state of Ohio, thus moved in interstate commerce. The firearm was also operable.

Matt Overholt, Task Force Officer
Federal Bureau of Investigation
Southern Ohio Safe Streets Task Force


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 this 19th day of August 2021.


Peter B. Silvain, Jr.
United States Magistrate Judge

4